JANET M. HEROLD, Regional Solicitor
BRUCE L. BROWN, Associate Regional Solicitor
Washington State Bar No. 18844
brown.bruce.l@dol.gov
SUSAN BRINKERHOFF, Trial Attorney
District of Columbia Bar No. 460945
brinkerhoff.susan@dol.gov
Office of the Solicitor, U.S. Department of Labor
300 Fifth Avenue, Suite 1120
Seattle, WA 98104
Phone (206) 757-6762
Attorneys for the Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> **GUITRON ALCAZAR III, INC., D/B/A EL TAPATIO MEXICAN CUISINE**, an Oregon corporation; **AMPARO ALCAZAR**, an individual and managing agent of the Corporate Defendant; and **HECTOR ALCAZAR**, an individual and a managing agent of the Corporate Defendant; and **SUSAN BAKER**, an individual and managing agent of the Corporate Defendant, <br><br> Defendants. | Case No. 2:17-at-523 <br><br> **COMPLAINT FOR INJUNCTIVE RELIEF AND TO RECOVER AMOUNTS DUE UNDER THE FAIR LABOR STANDARDS ACT** <br><br> **(29 U.S.C. § 201 *et seq.*)** |

## INTRODUCTION

Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("Secretary"), alleges as follows:

1. The Secretary brings this action to enjoin Defendants Guitron Alcazar III, Inc., d/b/a El Tapatio Mexican Cuisine, Amparo Alcazar, Hector Alcazar, and Susan Baker (collectively referred to as "Defendants") from violating the provisions of Sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 206, 207, 211, and 215, and to recover wages owed under the FLSA to present and former employees of the Defendants as listed by name on the attached Exhibit 1 to this Complaint, as well as other current and/or former employees as yet unknown to the Secretary, together with an equal amount as liquidated damages pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c), for the period of time from May 18, 2014, to the present.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction of this action under Section 17 of the FLSA, 29 U.S.C. § 217; this Court also has subject matter jurisdiction of this action under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1345 (United States as Plaintiff).

3. The Court has personal jurisdiction over all defendants.

(a) Corporate Defendant Guitron Alcazar III, Inc., is a California-registered corporation with its principal executive office located at 7406 S.E. 176th Avenue, Portland, OR 97266. Corporate Defendant Guitron Alcazar III, Inc., on information and belief, operates restaurants at 20 locations throughout California, Oregon, and Washington, including the El Tapatio Mexican Cuisine restaurant located in Citrus Heights, CA ("El Tapatio (Citrus Heights)").

(b) On information and belief, Defendant Amparo Alcazar resides within the jurisdiction of this Court and/or purposely avails herself of the privilege of operating a business – El Tapatio (Citrus Heights) – within the jurisdiction of this Court.

(c) On information and belief, Defendant Hector Alcazar resides within the jurisdiction of this Court and/or purposely directs his activities by managing a business – El Tapatio (Citrus Heights) – within the jurisdiction of this Court.

(d) On information and belief, Defendant Susan Baker resides within the jurisdiction of this Court.

4. Venue lies in the United States District Court, Eastern District of California, pursuant to 28 U.S.C. § 1391(b).

## DEFENDANTS ARE EMPLOYERS UNDER THE FLSA

5. At all material times, Defendant Guitron Alcazar III, Inc., has operated El Tapatio (Citrus Heights) as a full-service Mexican restaurant located at 5637 Sunrise Boulevard, Citrus Heights, CA 95610, employing cooks, dishwashers, bartenders, wait staff, and others.

6. Defendant Amparo Alcazar, a 50% owner of Guitron Alcazar III, Inc., at all material times acted directly or indirectly in the interest of Guitron Alcazar III, Inc., in relation to its employees as a managing agent and is an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d). On information and belief, Defendant Amparo Alcazar makes enterprise-wide decisions; and directs and oversees, and has the authority to direct and oversee, the operations, pay practices and payroll, terms of employment, and the supervisors and managers at El Tapatio (Citrus Heights).

7. On information and belief, Defendant Hector Alcazar was, at all material times, a manager of the El Tapatio (Citrus Heights) restaurant, oversaw and directed work; had hiring responsibilities; was responsible for overseeing employee time records, pay practices, and payroll; and was authorized to make cash payments to employees for hours worked.

8. On information and belief, Defendant Susan Baker was, at all material times, the general manager of El Tapatio (Citrus Heights), set and implemented workplace

policies, and had the authority to issue paychecks and make cash payments for hours worked.

9. On information and belief, all Defendants, individually and jointly, serving as agents for one another, controlled the material aspects of the employment relationship with all employees at El Tapatio (Citrus Heights), including hiring, firing, setting pay rates, setting work schedules, assigning and supervising work, assigning employees to work locations, and preparing and maintaining pay records.

10. All Defendants are employers under Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

## DEFENDANTS' EMPLOYEES ARE ENTITLED TO THE WAGES AND PROTECTIONS OF THE FLSA

11. Defendants' activities constitute and at all relevant times have constituted related activities performed through unified operation or common control for a common business purpose and are and at all relevant times have been an "enterprise" as defined in FLSA § 3(r), 29 U.S.C. § 203(r).

12. El Tapatio (Citrus Heights) employees were or are engaged in commerce and/or in handling or working on goods that had been moved in commerce, as they regularly handle goods that had or have been shipped from places outside of the state of California. Defendants' enterprise has, and at all relevant times has had, an annual gross

volume of sales made or business done of no less than $500,000.00, and said enterprise constitutes, and at all relevant times has constituted, an "enterprise engaged in commerce or in the production of goods for commerce" as defined by FLSA § 3(s), 29 U.S.C. § 203(s). As such, El Tapatio (Citrus Heights) employees are covered by the FLSA, including its wage and recordkeeping provisions.

## DEFENDANTS VIOLATED THE FLSA

13. Defendants have violated and are violating provisions of Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by employing employees engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, at wage rates less than the applicable federal minimum wage.

14. Defendants have violated and are violating provisions of Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of Section § 3(s) of the FLSA, 29 U.S.C. § 203(s), for workweeks longer than 40 hours without compensating said employees for their

employment in excess of 40 hours in such workweeks at rates not less than one and one-half times the regular rates at which they were employed.

15. Defendants have violated and are violating the provisions of Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §211(c) and §215(a)(5), by failing to maintain, keep, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by the regulations promulgated by the Secretary pursuant to the authority granted in the FLSA and published in the Federal Register and known as Title 29, Code of Federal Regulations, Part 516.

16. During the period since February 8, 2014, Defendants have repeatedly and willfully violated and are violating the above-described provisions of the FLSA. For example:

(a) Defendants required their employees to clock in and out when they worked but recorded fewer hours on timesheets than the hours recorded by the clock, thus failing to keep accurate and complete timekeeping and payroll records.

(b) Because Defendants deliberately and willfully under-recorded hours worked by employees, employees were paid less than minimum wage for hours actually worked.

(c) Because Defendants deliberately and willfully under-recorded hours worked by employees, employees were not paid at one and one-half times their regular rate for hours over 40 that they actually worked in a work week.

(d) The Department of Labor previously investigated a related entity, Guitron & Alcazer, Inc. d/b/a El Tapatio Mexican Restaurant, for similar violations at the El Tapatio restaurant in Rainier, OR. On information and belief, Amparo Alcazar was an owner and/or director of that corporation. A Back Wage Compliance and Payment Agreement was signed on behalf of the corporation on September 11, 2012, in which the corporation and the signator Efren Mora Guitron (a co-owner of the corporate Defendant here) (1) represented being in full compliance with the FLSA, (2) agreed to future compliance with the FLSA, (3) agreed to pay all non-exempt employees (i.e., employees subject to minimum wage and overtime compensation) their wages based on hours worked, and (4) agreed to maintain accurate time and payroll records. On information and belief, Amparo Alcazar was an owner and/or director of that corporation and would have known of the investigation and the agreement her business partner signed.

17. As a result of the violations of the monetary provisions of the FLSA, unpaid minimum wage and overtime compensation is due under the FLSA.

18. A judgment permanently enjoining and restraining such violations of the FLSA is specifically authorized by Section 17 of FLSA, 29 U.S.C. § 217.

19. A judgment enjoining and restraining the continued withholding of unpaid minimum wage and overtime compensation due under the FLSA is specifically authorized by Section 17 of the FLSA, 29 U.S.C. § 217.

20. Judgment awarding unpaid minimum wage and overtime compensation due under the FLSA, plus an additional amount as liquidated damages that is equal to the amount of minimum wage and overtime compensation that accrued under the FLSA, is specifically authorized by Section § 16(c) of the FLSA, 29 U.S.C. § 216(c).

**WHEREFORE,** cause having been shown, the Secretary respectfully requests the Court to issue, jointly and severally against Defendants, the following:

A. An order, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, successors-in-interest, co-employers, and those persons in active concert or participation with them, from prospectively violating the provisions of Sections 15(a)(2) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 215(a)(2) and 215(a)(5);

B. An order:

(i) Pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c), finding the Defendants liable for any unpaid minimum wages and overtime compensation that may be found by the Court to be due under the FLSA, plus an additional amount as and

for liquidated damages equal to any minimum wage and overtime compensation found to have accrued under the FLSA, to present and former employees of Defendants including the persons listed by name on the attached Exhibit 1 as well as other current and/or former employees as yet unknown to the Secretary; and

(ii) In any instances where liquidated damages are not awarded herein, restraining, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, the Defendants, their officers, agents, servants, employees, successors-in-interest, co-employers, and those persons in active concert or participation with them from continuing to withhold the payment of any unpaid minimum wage and overtime compensation that may be found by this Court to have accrued under the FLSA to present and former employees of Defendants including the persons listed by name on the attached Exhibit 1, plus pre-judgment interest thereon; and

(iii) Awarding the Secretary the costs of this action and providing such further legal and equitable relief as may be deemed appropriate; and

C. An order providing such further legal and equitable relief as may be deemed appropriate.

//

//

//

DATED this 18th day of May 2017.

           NICHOLAS C. GEALE
           Acting Solicitor of Labor

           JANET M. HEROLD
           Regional Solicitor

           BRUCE L. BROWN
           Associate Regional Solicitor


          By:  */s/ Susan Brinkerhoff*
           SUSAN BRINKERHOFF
           Trial Attorney

**U.S. DEPARTMENT OF LABOR**
**Counsel for Plaintiff**

# EXHIBIT A

1. Armando Fernandez
2. Servando Mendoza Cabella
3. Antonio Mendoza Fortanell
4. Mario Ramirez
5. Juan Orozco Sanchez
6. Any and all Jane Does not yet known to the Secretary
7. Any and all John Does not yet known to the Secretary