JANET M. HEROLD
Regional Solicitor
BRUCE L. BROWN
Associate Regional Solicitor
DANIELLE L. JABERG (Cal. Bar. No. 256653)
Senior Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
90 7th Street, Suite 3-700
San Francisco, CA 94103
Telephone: (415) 625-50
Facsimile: (415) 625-7772
Attorneys for R. Alexander Acosta, Secretary of Labor

Laura C. McHugh, Esq. (CA Bar No. 180930)
DUGGAN LAW CORPORATION
641 Fulton Ave., Suite 200
Sacramento, CA 95825
Telephone:    916.550.5309
Facsimile:    916.404.5900
laura@duggan-law.com

Attorney for Defendants
GUITRON ALCAZAR III, INC.,
D/B/A EL TAPATIO MEXICAN CUISINE,
AMPARO ALCAZAR, HECTOR ALCAZAR,
and SUSAN BAKER

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>vs.<br><br>**GUITRON ALCAZAR III, INC., D/B/A EL TAPATIO MEXICAN CUISINE**, an Oregon corporation; **AMPARO ALCAZAR**, an individual and managing agent of the Corporate Defendant; and **HECTOR ALCAZAR**, an individual and a managing agent of the Corporate Defendant; and **SUSAN BAKER**, an individual and managing agent of the Corporate Defendant,<br><br>Defendants. | Case No. 2:17-CV-01054-TLN-KJN<br><br>**CONSENT JUDGMENT AND ORDER** |

Plaintiff, R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor ("Plaintiff" or the "Secretary"), and Defendants GUITRON ALCAZAR III, INC. dba EL TAPATIO MEXICAN CUISINE, AMPARO ALCAZAR, HECTOR ALCAZAR and SUSAN BAKER have agreed to resolve the matters in controversy in this civil action, and consent to entry of this Consent Judgment and Order ("Consent Judgment" or "Judgment") in accordance herewith.

**I. STATEMENTS BY THE PARTIES**

1. On May 18, 2017, the Secretary filed a Complaint in this Court alleging that Defendants violated provisions of Sections 6, 7, 11(c), 15(a)(2) and (5) of the Fair Labor Standards Act ("FLSA" or the "Act"), 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2) and (5).

2. On August 1, 2017, Defendants filed an Answer to the Secretary's Complaint.

3. Defendants agree herein to resolve all allegations of the Secretary's Complaint.

4. Defendants admit that this Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the United States District Court for the Eastern District Court of California.

5. Defendants and the Secretary agree to the entry of this Consent Judgment without contest.

6. Defendants acknowledge that Defendants and all individuals and entities acting on their behalf or at their direction have notice of, and understand, the provisions of this Consent Judgment.

7. Defendants admit that they have been or have operated a unified restaurant business operation under common control in California, and that, as such, Defendants are or have operated an "enterprise" within the meaning of FLSA Section 3(r), 29 U.S.C. § 203(r).

8. Defendants AMPARO ALCAZAR, HECTOR ALCAZAR and SUSAN BAKER admit that they have functioned as individual employers by acting directly or indirectly in the interest of Defendant GUITRON ALCAZAR III, INC. dba EL TAPATIO MEXICAN CUISINE in relation to its employees within the meaning of FLSA Section 3(d), 29 U.S.C. § 203(d).

9. Defendants admit that this enterprise is engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C.

Duggan Law Corporation
641 Fulton Ave., Suite 200
Sacramento, CA 95825
916.550-5309

§ 203(s)(1)(A).

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

10. On May 18, 2017, the Secretary filed a Complaint in this Court alleging that Defendants violated provisions of Sections 6, 7, 11(c),15(a)(2) and (5) of the FLSA, 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2) and (5).

11. On August 1, 2017, Defendants filed an Answer to the Secretary's Complaint.

12. Defendants hereby withdraw their defenses to the Secretary's Complaint.

13. This Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the United States District Court for the Eastern District Court of California.

14. Defendants and the Secretary have agreed to the entry of this Consent Judgment without contest and to resolve the Secretary's claims.

15. Defendants and all individuals and entities acting on their behalf or at their direction have notice of, and understand, the provisions of this Consent Judgment.

16. Defendants have operated a unified restaurant business operation under common control in California, and that, as such, Defendants are or have operated an "enterprise" within the meaning of FLSA Section 3(r), 29 U.S.C. § 203(r).

17. This enterprise is engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A).

18. Defendants AMPARO ALCAZAR, HECTOR ALCAZAR and SUSAN BAKER have functioned as individual employers by acting directly or indirectly in the interest of Defendant GUITRON ALCAZAR III, INC. dba EL TAPATIO MEXICAN CUISINE in relation to its employees within the meaning of FLSA Section 3(d), 29 U.S.C. § 203(d).

## III. JUDGMENT

Therefore, upon the agreement of the parties to this action,

**A. Injunctive Relief**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, Defendants GUITRON ALCAZAR III, INC. dba EL TAPATIO MEXICAN CUISINE, AMPARO ALCAZAR, HECTOR ALCAZAR and SUSAN BAKER, their officers,

agents, servants, employees, successor companies, parties in interest, and all persons and entities acting at their direction or in concert or participation with them, are permanently enjoined and restrained from violating the provisions of the FLSA, including through any of the following manners:

19. Defendants shall not, contrary to Sections 6 and 15(a)(2) of the FLSA, pay any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce within the meaning of the FLSA, wages at a rate less than the applicable minimum wage.

20. Defendants shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, pay any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce within the meaning of the FLSA, less than one and a half times the particular employee's regular hourly rate for hours in excess of 40 hours in a workweek.

21. Defendants shall not, contrary to Sections 11(c) and 15(a)(5) of the FLSA, fail to make, keep, and preserve accurate records of their employees and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed by the regulations issued, and from time to time amended, pursuant to Section 11(c) of the FLSA and found in 29 C.F.R. Part 516, including for employee, the accurate number of hours worked each day, including accurate break times, and each workweek, the employee's regular hourly rate of pay, total daily or weekly earnings, overtime rate of pay, total premium pay for overtime hours and identification of each deduction made from the employees' earnings along with a description of the basis/reason and method of calculation of the deduction.

22. Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment, or the FLSA.

23. Defendants GUITRON ALCAZAR III, INC. dba EL TAPATIO MEXICAN CUISINE, AMPARO ALCAZAR, HECTOR ALCAZAR and SUSAN BAKER, jointly and

Duggan Law Corporation
641 Fulton Ave., Suite 200
Sacramento, CA 95825
916.550.5309

severally, shall not withhold payment of $9,930.84, which constitutes back wages owed to their employees.

**B. Monetary Provisions**

**PURSUANT TO THE PARTIES' AGREEMENT, JUDGMENT IS HEREBY ENTERED,** pursuant to Section 16(c) and (e) of the FLSA, 29 U.S.C. § 216(c) and (e), in favor of the Secretary as a judgment owed to the United States of America and against Defendants GUITRON ALCAZAR III, INC. dba EL TAPATIO MEXICAN CUISINE, AMPARO ALCAZAR, HECTOR ALCAZAR and SUSAN BAKER, jointly and severally, in the amount of $23,161.68, which consists of $9,930.84 owed to its employees as unpaid wages, $9,930.84 owed to its employees in liquidated damages, and $3,300 owed to the Secretary in civil money penalties.

24. Defendants desire to satisfy their $23,161.68 monetary obligation provided above under a payment plan. That payment plan is as follows, with further particularity identified on Exhibit A to this Consent Judgment and Defendants agree to follow such terms on Exhibit A:

    a. On or before January 28, 2019, Defendants shall deliver to the Secretary a payment in the amount of $7,944.67 of the amount Defendants owe under this Consent Judgment. This amount shall be applied toward the amount due under this Consent Judgment. The payment shall be delivered to Wage and Hour Division, United States Department of Labor, Attn: District Director Cesar S, Avila, 2800 Cottage Way, Room W-1836, Sacramento, CA 95825-1886 via certified or cashier's checks, in accordance with Exhibit A.

    b. Thereafter, on or before the twenty-fifth of each successive month through and including November 25, 2019, Defendants shall pay $1,083.36 toward the amount due under this Consent Judgment. The payments shall be delivered to Wage and Hour Division, United States Department of Labor, Attn: District Director Cesar S, Avila, 2800 Cottage Way, Room W-1836, Sacramento, CA 95825-1886 via certified or cashier's checks, in accordance with Exhibit A.

    c. On or before December 25, 2019, Defendants shall pay $1,083.41 toward the amount due under this Consent Judgment. This shall be the final backwage/liquidated

DUGGAN LAW CORPORATION
641 FULTON AVE., SUITE 200
SACRAMENTO, CA 95825
916.550-5309

damage payment due under the terms of this Consent Judgment. The payment shall be delivered to Wage and Hour Division, United States Department of Labor, Attn: District Director Cesar S, Avila, 2800 Cottage Way, Room W-1836, Sacramento, CA 95825-1886 via certified or cashier's checks, in accordance with Exhibit A.

  d. Upon receipt of the checks detailed in Paragraphs 24.a-24.c above, the Secretary shall distribute payments to the persons named on Exhibit A, or to their estates if necessary, in his sole discretion, and any money not so paid within a period of three (3) years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

  e. On or before January 25, 2020, Defendants shall deliver to the Wage and Hour Division, United States Department of Labor, Attn: District Director Cesar S, Avila, 2800 Cottage Way, Room W-1836, Sacramento, CA 95825-1886 a certified or cashier's check for civil money penalties in the amount of $3,300.00. The check shall have "El Tapatio Mexican Cuisine - CMPs" written on it, payable to the order of the "Wage and Hour Div., Labor."

25. In the event of default in timely making the payments identified herein, the Secretary may move this Court for enforcement of this Judgment. Further, in the event of default, Post-judgment interest shall accrue on the monetary portion of this Consent Judgment that remains due in accordance with 28 U.S.C. § 1961. Interest shall continue to accrue until such time as all monetary portions due under this Consent Judgment are fully satisfied.

**C. Miscellaneous Provisions**

26. Within thirty (30) calendar days of the date of entry of this Consent Judgment, Defendants shall provide each of their employees with a copy of the "Notice of Rights," attached as Exhibit B, which summarizes the terms of this Consent Judgment and provides guidance from the U.S. Department of Labor regarding the rights of employees, including protection from retaliation, under the FLSA. Thereafter, Defendants shall provide a copy of Exhibit B to all newly-hired employees before or by the dates said employee begins performing work for Defendants.

27. Within fourteen (14) calendar days of the date that the last Defendant signs this Consent Judgment, Defendants shall post U.S. Department of Labor-approved posters regarding the minimum wage and overtime provisions of the FLSA, in prominent locations at all of their current and future facilities. Copies of said posters are available for download at https://www.dol.gov/whd/regs/compliance/posters/flsa.htm.

28. Within six (6) months of the date that the last Defendant signs this Consent Judgment, Defendants shall permit the Wage and Hour Division, United States Department of Labor to provide training for all employees, including Defendants and Defendants' managers. Any such training shall be compensable time for which Defendants' employees and managers shall receive pay. Defendants shall employ best efforts to ensure all identified persons attend training sessions. The Wage and Hour Division, United States Department of Labor may provide the training in the form of two bilingual training sessions, one for Defendants' employees and one for Defendants and its managers, and each training session may last for up to two hours. Topics to be covered by any such training may include, but are not limited to: minimum wage, overtime, the definition of hours worked, breaks and recordkeeping provisions of the FLSA. Any training shall not be recorded by any means and Defendants' shall work cooperatively with the Secretary's counsel in scheduling any training sessions. Defendants shall keep records of all those who identified the training pursuant to this paragraph.

29. Defendants agree to obtain two audits to determine whether they are complying with the FLSA and the regulations issued thereunder. Specifically, within six (6) months of the date that the last Defendant signs this Consent Judgment, Defendants shall obtain an audit of their compliance with the FLSA and regulations issued thereunder, to be conducted by an independent third-party monitor, who shall be hired at Defendants' expense. Within twelve (12) months of the date the last Defendant signs this Consent Judgment, Defendants shall obtain their second audit of their compliance with the FLSA and regulations thereunder, to be conducted by a third-party monitor, who shall be hired at Defendants' expense. For both audits, the independent third-party monitor will prepare written reports that summarize the steps taken to complete the audit and the findings of the audit concerning Defendants' compliance with the FLSA. Defendants shall provide

copies of the written reports to the Wage and Hour Division, United States Department of Labor, Attn: District Director Cesar S, Avila, 2800 Cottage Way, Room W-1836, Sacramento, CA 95825-1886.

30. Defendants shall cooperate in full with the third-party monitor, including providing the independent third-party monitor access to Defendants' facilities, employees, and payroll and time records.

   a. If the independent third-party monitor finds violations of the FLSA, or regulations issued thereunder, that result in back wages due, Defendants shall pay the wages as promptly as possible, but no later than thirty (30) days thereafter.

   b. If the independent third-party monitor directs changes in Defendants' policies or procedures, or directs Defendants to take action to comply with the FLSA or regulations issued thereunder, Defendants shall do so.

   c. The independent third-party monitor shall investigate incidents or allegations or complaints of retaliation and may report them to Defendants. If not resolved in a satisfactory manner, the monitor shall report any such incidents, allegations or complaints to the Wage and Hour Division, United States Department of Labor, Attn: District Director Cesar S, Avila, 2800 Cottage Way, Room W-1836, Sacramento CA 95825-1886

   d. The independent third-party monitor shall have the duty to conduct off-site interviews with Defendants' employees; such interviews and other communications between employees and the third-party monitor may, at the option of the employee, be kept confidential, except as to authorized representatives of the United States Department of Labor. Copies of all notes and interviews conducted by the monitor may be turned over to Wage and Hour, if requested by Wage and Hour.

   e. Discrimination or retaliation by Defendants against any employee for cooperating with the third-party monitor is prohibited to the full extent of the law, as provided in 29 U.S.C. § 215(a)(3).

31. The resolution of this proceeding with the filing of this Consent Judgment shall not act as, or be asserted as, a bar to back wage recovery by any employee not named on the Exhibit A for any period not specified therein.

32. Each party shall bear all fees and other expenses (including court costs and attorney's fees) incurred by the party in connection with any stage of this proceeding.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this action for the purposes of enforcing compliance with the terms of this Consent Judgment for five years.

**IT IS SO ORDERED.**

Dated: February 4, 2019

_____
Troy L. Nunley
United States District Judge

PRESENTED BY:

KATE S. O'SCANNLAIN
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

BRUCE L. BROWN
Associate Regional Solicitor

Date: _____, 2019

/s/
_____
DANIELLE L. JABERG
Senior Trial Attorney
*Attorneys for the Secretary of Labor*

Date: _____, 2019

/s/
_____
LAURA C. McHUGH
*Attorney for Defendants*

Date: _____, 2019    /s/
GUITRON ALCAZAR III, INC. dba EL TAPATIO
MEXICAN CUISINE
*By: AMPARO ALCAZAR*

Date: _____, 2019    /s/
AMPARO ALCAZAR, *Individually*

Date: _____, 2019    /s/
HECTOR ALCAZAR, *Individually*

Date: _____, 2019    /s/
SUSAN BAKER, *individually*

CERTIFICATE OF SERVICE

Duggan Law Corporation
641 Fulton Ave., Suite 200
Sacramento, CA 95825
916.550-5309